IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTHONY GRAY, JR., #196022, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:07-CV-60-ID |
| | ) |
| INEZ ALEXANDER, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On January 19, 2007, Anthony Gray, Jr. ["Gray"], a state inmate, filed a civil complaint in which he challenged a disciplinary lodged against him for indecent exposure/exhibitionism. Gray sought leave to proceed *in forma pauperis* in this cause of action. *Court Doc. No. 2 - Application to Proceed Without Prepayment of Fees*. In support of this request, an authorized prison official filed a certificate which provided the court with information necessary to determine the average monthly balance in Gray's prison account for the 6-month period immediately preceding the filing of this complaint and the average monthly deposits to plaintiff's account during the past six months.

Upon review of this financial information and pursuant to the provisions of 28 U.S.C. § 1915(b)(1)(A), the court determined that Gray owed an initial partial filing fee of $15.50. *Order of January 23, 2007 - Court Doc. No. 7*. In light of the foregoing, the court ordered Gray to pay $15.50 as an initial partial filing fee. *Id.* at 2. This order specifically informed

Gray "*that it is <u>his responsibility to submit the appropriate paperwork to the prison account clerk</u> for transmission of his funds to this court for payment of the initial partial filing fee*." *Id*. (emphasis in original).  The order also "*advised [Gray] that if he is unable to procure the initial partial filing fee within the time allowed by this court he must inform the court of such inability and request an extension of time within which to file the fee*."  *Id*. at 3 (emphasis in original).  Additionally, court specifically cautioned Gray that failure to pay the requisite fee within the time allowed by the court would result in the dismissal of this case. *Id*.  Gray has not submitted payment of the initial partial filing fee nor has he advised the court of the need for an extension to file such fee as required by the orders entered in this case.  The court therefore concludes that the instant cause of action should be dismissed.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to pay the initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1)(A) as ordered by this court.

It is further

ORDERED that on or before March 4, 2007 the parties may file objections to the Recommendation.  Any objection must specifically identify the findings in the Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not

a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

DONE, this 20th day of February, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE